Anthony N. VERNA, Appellant,

v.

Benjamin KLEINBACH, Appellee.

No. 757.

Supreme Court of Alaska.

May 11, 1967.

Anthony N. Verna, in own behalf.

Richard L. McVeigh, U. S. Atty., and Gerald J. Van Hoomissen, Asst. U. S. Atty., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND, J., and SANDERS, Superior Court Judge.

NESBETT, Chief Justice.

Appellant was a civilian career employee of the United States Air Force who had been assigned to the United States Army at Ladd Air Force Base, Alaska, for temporary service as a personnel position classifier. On November 14, 1960, appellee, as civilian personnel officer for the United States Army stationed at Ladd Air Force Base, sent appellant a letter of reprimand which reflected on the quality of appellant's performance of his duties. This suit for libel followed. The jury found for appellee on his defense of privilege.

The only question raised on appeal is whether, in view of the evidence produced, it was error to permit the jury to determine whether appellee was appellant's superior at the time the letter of reprimand was written and to determine whether the letter was privileged.

The letter stated that appellant had been absent from duty without leave and that he had failed to comply with certain regulations pertaining to the taking of leave. A copy of the letter was placed in appellant's personnel file. Appellant's suit was for compensatory and punitive damages for the allegedly libelous statements contained in the letter.

The trial court instructed the jury that the letter of reprimand was libelous per se and Instruction No. 10 further instructed them as follows:

> The communications and actions of public officials in the discharge of their duties are privileged. Therefore, if you find that the letter of reprimand was written concerning a time when the plaintiff was detailed to the United States Army and further that the defendant at such time was the plaintiff's official supe-

rior and further that defendant issued the letter of reprimand pursuant to regulations binding on him in his official position, then you are instructed that the letter was privileged. If you so find, you must return a verdict for the defendant.

The jury's special verdict found for the appellee on his defense of privilege.

Appellant concedes the general rule to be that the communication of a superior public officer may be privileged, but contends that the privilege is limited to communications arising strictly within the scope of employment and only while the relationship of superior officer still exists.

Appellant relies upon the fact that appellee admitted on the witness stand, while under cross-examination by appellant, that appellant's detail to the Army was terminated at 8 a. m. on November 14 and that he was quite certain that he wrote the letter of reprimand afer 8 a. m. on that date at a time when he was no longer appellant's supervisor.

Appellant argues that since the uncontradicted testimony of appellee himself proved that appellee was no longer appellant's superior at the time the letter was written, it was error for the court to submit the issue of privilege to the jury.

Since both of the parties were employees of the United States the issue must be determined by federal law,[1] an authoritative recent pronouncement of which is contained in Barr v. Matteo.[2] In Barr, the Supreme Court of the United States was concerned with a press release made by an acting director of an executive agency which stated that upon his appointment becoming effective, his first act of duty would be the suspension of appellees. In a 5–4 decision the Court held that the statement was ab-

solutely privileged, saying at 360 U.S. at 571, 79 S.Ct. at 1339, 3 L.Ed.2d at 1441:

It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government.

In Preble v. Johnson[3] the holding in Barr v. Matteo was interpreted as follows:

[I]t seems fairly plain that the federal law now is that statements are absolutely privileged if made ' * * * within the outer perimeter of * * * line of duty * * *.' In gauging privilege within this perimeter, the Supreme Court expressly rejected a rigid scope of duty, as literally prescribed by rule or regulation, in favor of a more generalized concept of line of duty. * * * Thus, statements which are neither strictly authorized by, nor in furtherance of, some rule or regulation may nevertheless be in line of official duty, hence privileged, if they are deemed appropriate to the exercise of the utterer's office or station.[4]

It seems clear enough that even though appellant's service as a classification officer under appellee had terminated a matter of minutes, or at the most a matter of several hours, before the letter of reprimand was written, that the letter was written within the outer perimeter of appellee's line of duty, if not actually in the line of his duty. As appellant's superior, appellee was directly concerned with the quality of appellant's performance of duty. Upon appellant's termination it was not irregular for appellee to advise appellant in writing of

1. E. g., Howard v. Lyons, 360 U.S. 593, 597, 79 S.Ct. 1331, 3 L.Ed.2d 1454, 1457 (1959); Wozencraft v. Captiva, 314 F.2d 288 (5th Cir. 1963).

2. 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

3. 275 F.2d 275, 278 (10th Cir. 1960).

4. See Chaffin v. Pratt, 358 F.2d 349 (5th Cir.), cert. denied, 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105 (1966).

his unsatisfactory performance and to place a copy of the letter in appellant's personnel file.

Appellant has relied upon the cases of Sheftall v. Central of Georgia Ry.,[5] Reynolds v. Pegler,[6] and Bigelow v. Brumley.[7]

These authorities cannot be given a controlling application to the facts of this case since they were not concerned with the question of the absolute privilege accorded federal officials under federal law.

The judgment is affirmed.

5. 123 Ga. 589, 51 S.E. 646, 648 (1905).

6. 223 F.2d 429 (2nd Cir.), cert. denied, 350 U.S. 846, 76 S.Ct. 80, 100 L.Ed. 754 (1955).

7. 138 Ohio St. 574, 37 N.E.2d 584 (1941).